UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 14-CV-22227

MARTIN JAVIER ELIZABETT,

　　Plaintiff,

vs.

CHICAGO MOTORS, INC. and
ISAAC R. KATZ, Individually,

　　Defendants.

_____/

## COMPLAINT

　　Plaintiff, Martin Javier Elizabett, sues Defendants, Chicago Motors, Inc. and Isaac R. Katz, for back wages owed to him that Defendants failed to pay him as follows:

### *Parties, Jurisdiction, and Venue*

　　1.　　**Plaintiff, Martin Javier Elizabett**, was and is a resident of Miami-Dade County, Florida, at all times material, and he is *sui juris*. He was an hourly non-exempt employee of Defendants who consents to participate in this lawsuit. [DE 1-1.]

　　2.　　**Defendant, Chicago Motors, Inc.　("Chicago Motors")**, is a Florida for-profit that conducts its for-profit business in Florida, and it is *sui juris*. It maintains it main office and principal place of business here, in Miami-Dade County, Florida.

　　3.　　**Defendant, Isaac R. Katz ("Katz")**, was and is the president, owner, and operator of Chicago Motors, for the relevant time period. He ran its day-to-day operations, had supervisory authority over Plaintiff, and was partially or totally responsible for paying Plaintiff's wages. He works in Miami-Dade County, Florida.

1

4.      Defendants, Chicago Motors and Katz, were Plaintiff's direct employers, joint employers and co-employers for purposes of the FLSA, as that term "employer" is defined by 29 U.S.C. §203(d), by Fla. Sta. §448.110, and by Art., X §26, Fla. Const.

5.      Both Defendants employed Plaintiff.

6.      Venue is proper pursuant to 28 U.S.C. §1391(b)(ii) because Defendants transact business in this District, maintain their office and principal place of business in this District, because Defendants employed the Plaintiff in this District, and because most of the actions complained of occurred within this District.

7.      This Court has original jurisdiction over Plaintiff's FLSA claims and ancillary jurisdiction over his related claim under the Florida Minimum Wage Act for unpaid/underpaid minimum wages.

### *Background Facts*

8.      Defendants have been at all times material engaged in interstate commerce in the course of their provision of pre-owned automobile sales, warranty, and related services which, traditionally, cannot be performed without using goods, materials, supplies, and equipment that have all moved through interstate commerce. Furthermore, Defendants engages in interstate commerce in the course of their selling pre-owned vehicles, submission of payments, and receipt of payments involving out-of-state payors. Defendants' annual gross revenues derived from this interstate commerce are believed to be in excess of $500,000.00 for the relevant time period.

9.      In particular, Defendants own and operate a used car company that sells pre-owned vehicles and service plans and related services utilizing vehicles, computers, cellular telephones, telephones, phone systems, and other materials and supplies to engage in interstate commerce.

2

10.      Plaintiff worked for Defendants from December 12, 2012 through May 9, 2014. To the extent that records exist regarding the exact dates of Plaintiff's employment exist, such records are in the exclusive custody of Defendants.

11.      Defendants paid Plaintiff a set rate/amount for each sale he closed, regardless of the hours he worked.

12.      Plaintiff routinely worked approximately 51 hours each week, or 11 hours of overtime each week that he worked for Defendants.

13.      Plaintiff's work for Defendants was actually in or so closely related to the movement of commerce while he worked for Defendants that the Fair Labor Standards Act applies to Plaintiff's work for Defendant in the course of his selling vehicles and service plans using cellular telephones, and other goods and supplies that moved through interstate commerce. Plaintiff would regularly sell vehicles manufactured outside of the State of Florida for Defendants.

14.      Defendants misclassified and paid Plaintiff as an independent contractor instead of as an employee, even though Defendants required of Plaintiff as follows:

   a.      To arrive at the location designated by Defendants;

   b.      To work the schedule designated by Defendants;

   c.      To call the numbers designated by Defendants to solicit customers for Defendants;

   d.      To assist and/or sell cars to Defendants' customers at Defendants' place of business;

   e.      To assist and/or sell warranty-like services to Defendants' customers at Defendants' place of business;

3

f.      To service Defendants' customers;

g.      To adhere to the pricing of pre-owned vehicles dictated by Defendants; and

h.      To otherwise act as an employee of Defendants.

15.     Defendants could not operate their pre-owned vehicle sales company without using sales persons such as Plaintiff, who are integral to Defendants' business.

16.     Plaintiff retained the undersigned counsel and agreed to pay a reasonable fee for all services rendered.

17.     All conditions precedent have been satisfied by Plaintiff or waived by Defendants.

### COUNT I – FLSA MINIMUM WAGE VIOLATION

Plaintiff reincorporates and re-alleges all preceding paragraphs as though set forth fully herein and further alleges as follows:

18.     In Florida, and for the relevant time period, the minimum wage was set at $7.67/hour as of January 1, 2012, when it rose until January 1, 2013, when it again rose $7.67 per hour until January 1, 2014, when it rose again to $7.93 per hour.

19.     During the Relevant Time Period, Defendants did not ensure that Plaintiff received wages of at least a minimum wage for all hours worked.

20.     Defendants willfully and intentionally refused to pay Plaintiff even a minimum wage for all of the hours that she worked during the relevant time period.

21.     Defendants either knew from prior experience or recklessly failed to investigate whether their failure to pay Plaintiff a minimum wage for each of the hours worked during the relevant time period violated the FLSA and then failed to timely correct their violation.

4

WHEREFORE Plaintiff, Martin Javier Elizabett, demands the entry of a judgment in his favor and against Defendants, Chicago Motors, Inc. and Isaac R. Katz, jointly and severally, after trial by jury and as follows:

a. That Plaintiff recover compensatory damages and an equal amount of liquidated damages for the past three years as provided under the law and in 29 U.S.C. § 216(b);

b. That Plaintiff recover an award of reasonable attorneys fees, costs, and expenses pursuant to the FLSA;

c. That the Defendants be Ordered to make the Plaintiff whole by providing appropriate minimum wage pay, tips, and other benefits wrongly denied in an amount to be shown at trial and other affirmative relief; and

d. Such other and further relief as the Court deems just and proper.

## COUNT II – FLORIDA MINIMUM WAGE VIOLATION

Plaintiff reincorporates and re-alleges paragraphs 1 through 17 as though set forth fully herein and further alleges as follows:

22.     The Florida Constitution provides that, "All working Floridians are entitled to be paid a minimum wage that is sufficient to provide a decent and healthy life for them and their families, that protects their employers from unfair low-wage competition, and that does not force them to rely on taxpayer-funded public services in order to avoid economic hardship. Fla. Const., Art. X, §24(a).

23.     The Florida Constitution, Article X, Section 24(a) ("FMWA") provides that "[a]ll working Floridians are entitled to be paid a minimum wage that is sufficient to provide a decent and healthy life for them and their families." *See* Fla. Const. Art. X sec. 24(1).

5

24.     The Florida Minimum Wage Act allows employers to pay less than the Florida Minimum Wage to employees who receive tips, but *only if* the eligibility requirements for the tip credit under the Federal Fair Labor Standards Act ("FLSA") are met.  *Id*. at § 24(c).

25.     In Florida, and for the relevant time period, the minimum wage was set at $7.67/hour as of January 1, 2012, when it rose until January 1, 2013, when it again rose $7.67 per hour until January 1, 2014, when it rose again to $7.93 per hour.

26.     During the Relevant Time Period, which is 5 years prior to the date of the filing of this lawsuit, Defendants failed to pay Plaintiff at least a minimum wage for all time worked.

27.     Moreover, during the Relevant Time Period, Defendants willfully engaged in practices that denied Plaintiff and their other servers Florida Minimum Wages.

28.     Defendants willfully and intentionally refused to pay Plaintiff even a minimum wage for all of the hours that he worked during the relevant time period.

29.     Defendants either knew from prior experience or recklessly failed to investigate whether their failure to pay Plaintiff a minimum wage for each of the hours worked during the relevant time period violated the Florida Minimum Wage Act and then failed to timely correct their violation.

WHEREFORE Plaintiff, Martin Javier Elizabett, demands the entry of a judgment in his favor and against Defendants, Chicago Motors, Inc. and Isaac R. Katz, jointly and severally, after trial by jury and as follows:

e.   That Plaintiff recover compensatory damages and an equal amount of liquidated damages for the past five years as provided under the law and in the Florida Minimum Wage Act;

6

9130 S. Dadeland Blvd., Suite 1500, Miami, Florida 33156
TEL 305.230.4884   FAX 305.230.4844
brian@fairlawattorney.com www.fairlawattorney.com

f.  That Plaintiff recover an award of reasonable attorneys fees, costs, and expenses pursuant to the Florida Minimum Wage Act;

g.  That the Defendants be Ordered to make the Plaintiff whole by providing appropriate minimum wage pay, tips, and other benefits wrongly denied in an amount to be shown at trial and other affirmative relief; and

h.  Such other and further relief as the Court deems just and proper.

**COUNT III – FLSA OVERTIME WAGE VIOLATION**

Plaintiff reincorporates and re-alleges paragraphs 1 through 17 as though set forth fully herein and further alleges as follows:

30.  Defendants failed and refused to pay Plaintiff overtime wages calculated at time and one-half of his regular hourly rate for all hours worked over 40 hours in a given workweek.

31.  Defendants willfully and intentionally refused to pay Plaintiff wages at a rate of time and one-half times his regular rate of pay (of at least Minimum Wage) for each of the overtime hours he worked during the relevant time period.

32.  Defendants either recklessly failed to investigate whether their failure to pay Plaintiff an overtime wage for the hours worked during the relevant time period violated the Federal Wage Laws of the United States, they intentionally misled Plaintiff to believe that Defendants were not required to pay him overtime, and/or Defendants concocted a scheme pursuant to which they deprived Plaintiff the overtime pay she earned.

33.  Plaintiff is entitled to a back pay award of overtime wages for all overtime hours worked, plus an equal amount as a penalty, plus all attorneys' fees and costs.

7

9130 S. Dadeland Blvd., Suite 1500, Miami, Florida 33156
TEL 305.230.4884   FAX 305.230.4844
brian@fairlawattorney.com www.fairlawattorney.com

WHEREFORE Plaintiff, Martin Javier Elizabett, demands the entry of a judgment in his favor and against Defendants, Chicago Motors, Inc. and Isaac R. Katz, jointly and severally, after trial by jury and as follows:

a.  That Plaintiff recover compensatory damages and an equal amount of liquidated damages for the past three years as provided under the law and in 29 U.S.C. § 216(b);

b.  That Plaintiff recover an award of reasonable attorneys fees, costs, and expenses pursuant to the FLSA;

c.  That the Defendants be Ordered to make the Plaintiff whole by providing appropriate overtime pay and other benefits wrongly denied in an amount to be shown at trial and other affirmative relief; and

d.  Such other and further relief as the Court deems just and proper.

**DEMAND FOR JURY TRIAL**

Plaintiff demands a trial by jury of all issues so triable.

Dated this 16th day of June, 2014.

Respectfully Submitted,

FAIRLAW FIRM
*Counsel for Plaintiff*
9130 S. Dadeland Blvd.
Suite 1500
Miami, FL 33156
Tel:    305.230.4884
Fax:    305.230.4844

s/*Brian H. Pollock, Esq.*
Brian H. Pollock, Esq.
Fla. Bar No. 174742
brian@fairlawattorney.com

8