UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 14-22227-CIV-GOODMAN

[CONSENT CASE]

MARTIN JAVIER ELIZABETT,

    Plaintiff,

v.

CHICAGO MOTORS, INC., et al.,

    Defendants.

_____/

## ORDER APPROVING FLSA SETTLEMENT AND CLOSING CASE

This matter is before the Court on the parties' Joint Motion for Approval of Settlement Agreement. [ECF No. 26]. For the reasons outlined below, the parties' joint motion is **GRANTED**, the settlement agreement is approved, this case is **dismissed with prejudice, and the Clerk is directed to close this case**, though the Court will maintain jurisdiction for ninety days to enforce the terms of the settlement, if necessary.

In general, the minimum wage and overtime provisions of the Fair Labor Standards Act ("FLSA")[1] are mandatory and not subject to negotiation or bargaining between employers and employees. *See Brooklyn Sav. Bank v. O'Neil*, 324 U.S. 697 (1945).

---

[1] 29 U.S.C. § 201 *et seq.*

However, there are two ways employees may settle and waive a claim against their employer for unpaid minimum wages or overtime pay under the FLSA: (1) if the payment of unpaid minimum wage/overtime pay is supervised by the Secretary of Labor; <u>or</u> (2) in a private lawsuit brought by an employee, if the parties present the district court with a proposed settlement and the court enters an order approving the fairness of the settlement. 29 U.S.C. § 216(c); *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1353 (11th Cir. 1982); *see also Schulte, Inc. v. Gangi*, 328 U.S. 108 (1946).

An employee may settle and release FLSA claims against his employer without the supervision of the Secretary of Labor if all of the following conditions are met: (1) the settlement occurs in an adversarial context; (2) there are issues of FLSA coverage and/or computations actually in dispute; and (3) the district court enters an order approving the settlement after scrutinizing the fairness of the settlement. *Lynn's Food Stores*, 679 F.2d at 1354.

The parties have submitted their settlement agreement along with their joint motion for settlement approval. [ECF No. 26, pp. 8-12]. The Court has reviewed the terms of the settlement, considered the factors outlined in *Lynn's Food Stores*, and also considered the strength of the parties' cases, the factual positions of the parties, the existence (or lack thereof) of documents supporting or corroborating the parties' positions, the strength and weaknesses in the parties' respective cases, and the parties' desire to resolve the dispute sooner, rather than later.

The Court finds that the settlement here represents a genuine compromise of a bona fide dispute. The Defendants will pay Plaintiff $10,000.00 to resolve his FLSA claims as well as Plaintiff's reasonable attorney's fees and costs, which is substantially less than the $12,102.65 that Plaintiff claimed in his Statement of Claim. [ECF No. 6]. In addition, under the terms of the settlement, Defendants are "released and acquitted of any past, future, known, and unknown liability related to the services performed" by Plaintiff for Defendants. [ECF No. 26, p. 9]. Finally, Plaintiff's counsel will receive $5,000.00 of the $10,000.00 settlement paid by Defendants, which is significantly less than the $8,402.50 Plaintiff's counsel incurred in fees and costs in this matter.

Therefore, the Court finds that the settlement here occurred in an adversarial context and that there are genuine issues in dispute. The Court further finds that the settlement reached by the parties represents a reasonable compromise by both sides and is fair and reasonable. Accordingly, it is**:**

**ORDERED** and **ADJUDGED** that the parties' settlement agreement is fair and reasonable. The settlement is **APPROVED** and this action is **DISMISSED WITH PREJUDICE**. The Court reserves jurisdiction for ninety days from the date of this Order

to enforce the terms of the parties' settlement. The Clerk is directed to **CLOSE THIS CASE** and deny all pending motions as moot.

**DONE AND ORDERED** in Chambers at Miami, Florida, September 17, 2014.

Jonathan Goodman
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
All counsel of record